UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BERNABE ENCARNACION,

                              Plaintiff,                      No. 12-CV-6180 CJS

   -vs-

                                                            DECISION AND ORDER

GLENN GOORD, Commissioner of DOCCS,
et al.,

                              Defendants.
_____

INTRODUCTION

Now before the Court are Plaintiff's objections (Docket No. [#70]) to non-dispositive portions of a Decision & Order and Report & Recommendation [#60] issued by the Honorable Marian W. Payson, United States Magistrate Judge. The objections are denied.

BACKGROUND

On July 18, 2018, Magistrate Judge Payson issued a Decision & Order and Report & Recommendation which, in pertinent part, denied Plaintiff's requests for appointment of counsel and to compel discovery. As part of her written decision, Magistrate Judge Payson reviewed the procedural history of the action and noted that the Honorable David G. Larimer, United States District Judge, had dismissed, for failure to state a claim, Plaintiff's Amended Complaint [#16], which included a double-jeopardy claim and an 8th Amendment conditions-of-confinement claim. Magistrate Judge Payson further noted that on appeal, the Second Circuit reversed Judge Larimer's dismissal of Plaintiff's 8th Amendment conditions-of-confinement claim, but affirmed the dismissal of the double-jeopardy claim. In particular, the Second Circuit wrote: "Because Encarnacion does not

1

raise any issue with respect to the District Court's dismissal of his double jeopardy claim, we conclude that he has abandoned any challenge to the dismissal of that claim." See *LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995)." Second Circuit Mandate [#22].

On August 6, 2018, Plaintiff filed the aforementioned Objections [#70] to Magistrate Judge Payson's Decision & Order and Report & Recommendation [#60]. Specifically, Plaintiff raises the following objections: 1) Magistrate Judge Payson erred by failing to "address or decide or develop" the double-jeopardy claim; 2) Magistrate Judge Payson erred by denying the request for appointment of counsel; and 3) Magistrate Judge Payson erred by denying the motion to compel discovery.

## ANALYSIS

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and Title 28 U.S.C. § 636(b)(1)(A), this Court may review non-dispositive matters previously decided by a magistrate judge and set them aside if they are "clearly erroneous" or "contrary to law." FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). A finding is clearly erroneous if, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

Plaintiff objects to non-dispositive aspects of Magistrate Payson's Decision & Order and Report & Recommendation [#60], but he has not met the difficult burden of showing that such rulings are clearly erroneous or contrary to law. With regard to the double-jeopardy claim, Magistrate Judge Payson did not make any ruling; rather, she merely noted that such claim is no longer part of this action. She correctly noted that Judge

Larimer dismissed the claim, and that the Second Circuit affirmed the dismissal of that claim. Such ruling is law of the case. In sum, there is no double jeopardy claim before the Court. Consequently, Plaintiff's contention that such claim is still active, and that Magistrate Judge Payson erred by failing to address it, is baseless, and is therefore denied. Plaintiff's objections to the denial of his requests for appointment of counsel and to compel discovery also lack merit.

CONCLUSION

Plaintiff's Objections [#70] are denied, and the Decision & Order and Report & Recommendation [#60] is affirmed and adopted in all respects. Plaintiff's request [#65] for an extension of time in which to file objections is denied as moot.[1]

So Ordered.

Dated: Rochester, New York
August 21, 2018

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge

---

[1] The Decision & Order and Report & Recommendation [#60] indicated that any objections had to be filed within fourteen days after receipt. On July 18, 2018, the ruling was mailed to Plaintiff. On July 23, 2018, Plaintiff acknowledged receipt of the ruling, and filed a motion [#65] for a thirty-day extension of the deadline for filing objections. However, Plaintiff's objections are dated July 31, 2018, and due to the prison mailbox rule the request for an extension was unnecessary.

3